**PELTON & ASSOCIATES PC**
Brent E. Pelton (BP 1055)
pelton@peltonlaw.com
Taylor B. Graham (TG 9607)
graham@peltonlaw.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltonlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KAREEM BRAXTON and YAHKEEL LYNCH, Individually and on Behalf of All Others Similarly Situated,**<br><br>            **Plaintiffs,**<br><br>-against-<br><br>**K.A.M. FOOD STORE, INC., KHALID DOLAH, AMIN DOLAH, and MAHMOUD HASSAN DOLAH, Jointly and Severally,**<br><br>            **Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Kareem Braxton and Yahkeel Lynch (the "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief and the investigation of their counsel as to other matters, allege as follows:

## INTRODUCTION

1.      Plaintiffs worked as stock and counter employees at Defendants' Met Food Supermarket located in Brooklyn, New York. Plaintiffs typically worked for Defendants well in excess of forty (40) hours each week yet were paid at straight-time rates for all hours worked, including hours worked over 40 in a week. Plaintiffs also did not receive spread-of-hours premiums for shifts that lasted ten (10) or more hours and were not provided wage notices and wage statements.

2.      Plaintiffs bring this action to recover unpaid overtime compensation owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiffs also bring claims for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

3.      Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 ("Rule 23") class of all non-management grocery store employees working for Defendants in New York.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

6.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

7.     Plaintiff Kareem Braxton ("Braxton") has been, at all relevant times, an adult individual residing in Kings County, New York.

8.     Plaintiff Yahkeel Lynch ("Lynch") has been, at all relevant times, an adult individual residing in New York County, New York.

9.     Throughout the relevant time period, Plaintiffs performed work for Defendants at their Met Food Supermarket located at 739 Nostrand Avenue, Brooklyn, New York 11216.

10.    Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**Defendants:**

11.    Upon information and belief, K.A.M. Food Store, Inc. is an active New York Corporation doing business under the trade name "Met Food" with its principal place of business at 739 Nostrand Avenue, Brooklyn, New York 11216. K.A.M. Food Store, Inc. is hereinafter referred to as "Met Food" or the "Corporate Defendant."

12.    Defendant Kalid Dolah ("K. Dolah") is an owner and operator of the Corporate Defendant.

13.    Defendant Amin Dolah ("A. Dolah") is an owner and operator of the Corporate Defendant.

14.    Defendant Mahmoud Hassan Dolah ("M. Dolah" and, collectively with K. Dolah and A. Dolah, the "Individual Defendants," and collectively with the Corporate Defendant, the

"Defendants") is an owner and operator of the Corporate Defendant.

15.     Upon information and belief, the Individual Defendants set the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

16.     The Individual Defendants participate in the day-to-day operations of the Corporate Defendant and act intentionally in their direction and control of Plaintiffs and the Corporate Defendant's other similarly situated employees, and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

17.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

18.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

19.     At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

20.     Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

21.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs bring their First Cause of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since December 15, 2012 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management grocery store employees (the "Collective Action Members").

22.     A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally-required overtime compensation for all hours worked in excess of forty (40) hours per week.

23.     Plaintiffs and the Collective Action Members have substantially similar job duties, and are paid pursuant to a similar, if not the same, payment structure.

## CLASS ACTION ALLEGATIONS

24.     Pursuant to the NYLL, Plaintiffs bring their Second through Fifth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants in New York at any time since December 15, 2009 and through the entry of judgment in this case (the "Class Period") who worked as non-management grocery store employees (the "Class Members").

25.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from

Defendants. Notice can be provided by means permissible under Rule 23.

26.     The Class Members are so numerous that joinder of all members is impracticable. Upon information and belief, there are in excess of forty (40) Class Members.

27.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Such common questions will determine Defendants' liability to all (or nearly all) Class Members. Common questions include:

a.     whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

b.     whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

c.     whether Defendants failed and/or refused to pay Plaintiffs and the Class Members spread-of-hours premiums for days in which they worked a shift or split-shift in excess of ten (10) hours;

d.     whether Defendants failed to provide Plaintiffs and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

e.     whether Defendants failed to provide proper wage notice to Plaintiffs and Class Members at the beginning of their employment and/or on February 1 of each year;

f.     whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

g.     whether Defendants are liable for all damages claimed hereunder.

28.     The answer to these questions would drive resolution of the litigation. If a judge and/or jury agrees with Plaintiffs on these issues, Defendants would be liable to all Class Members for their NYLL wage and hour violations.

29.   <u>Plaintiffs' claims are typical of the Class Members' claims</u>. Plaintiffs, like all Class Members, are non-management grocery store employees of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, not paid for spread-of-hours premiums when working a shift or split-shift of ten (10) or more hours, and did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

30.   <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

31.   Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

32.   <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

### Defendants' Supermarket

33.     At all relevant times, Defendants have been in the grocery business. Upon information and belief, brothers K. Dolah and A. Dolah, and their father, M. Dolah, have owned, operated and managed the Met Food grocery store located at 739 Nostrand Avenue, Brooklyn, New York 11216 since it opened.

34.     Upon information and belief, Defendants have owned and operated their Met Food store since the early 1990s.

35.     According to Met Foods' website, Defendants' Met Food grocery store is open Monday through Saturday from 8:00 am until 9:00 pm and Sunday from 8:00 am until 6:00 pm. (*See* www.metfoods.com/find-your-store).

36.     Throughout the relevant time period, Defendants K. Dolah and A. Dolah have been constant presences at their Met Food store and have taken active roles in ensuring that the supermarket is run in accordance with their procedures and policies.

37.     Defendant M. Dolah, who Plaintiffs knew as "Mike," also occasionally visited Defendants' store to check up on the business and to ensure that the store was being run in accordance with his and his son's policies and procedures. M. Dolah was typically present at the store when Defendants A. Dolah or K. Dolah were not present.

38.     Plaintiffs were generally supervised directly by Defendants K. Dolah and A. Dolah, and, when he was present, M. Dolah.

39.     K. Dolah is listed as the Chief Executive Officer on K.A.M. Food Store, Inc.'s corporate filings with the New York State Department of State, Division of Corporations.

**Plaintiffs' Work for Defendants**

40.     Plaintiff Braxton worked for Defendants as a grocery stock employee, deli counter person, and general inventory employee from in or around June 2009 through on or about November 24, 2015 (the "Braxton Employment Period").

41.     From the beginning of the Braxton Employment Period until approximately the spring of 2011, Braxton worked for Defendants on a part-time basis during the school year (i.e., from September through May) averaging approximately 25 hours per week. During the summer months, when Braxton was off from school, Braxton typically worked five (5) or six (6) days per week, for an average of between forty-five and sixty (45-60) hours per week.

42.     From the summer of 2011 until approximately the end of 2014, Braxton typically worked four (4) or five (5) days per week, from approximately 9:00 am until 8:00 pm, for a total of between approximately forty-five and fifty-five (45-55) hours per week. Thereafter, from approximately the end of 2014 until the end of the Braxton Employment Period, Braxton worked six (6) days per week, from approximately 11:00 am until 9:00 pm, for a total of between fifty-five and sixty-three (55-63) hours per week.

43.     For his work, throughout the Braxton Employment Period, Braxton was paid at approximately the minimum wage in effect at the time. Specifically, at the beginning of the Braxton Employment Period, Braxton was paid approximately $7.00 per hour. Thereafter, beginning in or around the end of 2009, Braxton was paid $7.50 per hour. In approximately 2014, Braxton was paid $8.00 per hour and finally, in 2015, Braxton was paid $9.00 per hour.

44.     Plaintiff Lynch worked for Defendants as a grocery and dairy stock employee form in or around January through August 2013 (the "Lynch Employment Period").

45.     Throughout the Lynch Employment Period, Plaintiff was initially scheduled to

work six (6) days per week, from 10:00 am until 8:00 pm, for a total of approximately sixty (60) hours per week. After approximately 2 months of working from 10:00 am until 8:00 pm, in or around March 2013, Defendants changed Plaintiff Lynch's schedule to 8:00 am until 8:00 pm, six (6) days per week, for a total of approximately seventy-two (72) hours per week.

46.     For his work, throughout the Lynch Employment Period, Lynch was paid approximately $8.50 per hour for all hours worked.

47.     Throughout their respective employment periods, Plaintiffs were paid their wages entirely in cash, without any breakdown as to the wage rate, number of hours worked each week, or overtime rate.

48.     Plaintiffs would typically be paid by Defendant K. Dolah or A. Dolah each week.

49.     Throughout their respective employment periods, Plaintiffs were paid at their same hourly rate for all hours worked each week, including hours worked in excess of forty (40) hours in a given workweek. Accordingly, Plaintiffs were not paid overtime premiums when they worked more than forty (40) hours per week.

50.     Throughout their respective employment periods, notwithstanding the fact that the Plaintiffs routinely worked shifts in excess of ten (10) hours, Defendants failed to pay them spread-of-hours premiums for each day in which they worked a shift or split-shift of ten (10) or more hours.

51.     Throughout the relevant time period, Plaintiffs tracked the numbers of hours worked by punching in and punching out on a time clock system. However, they were never provided with a breakdown of the number of hours that they were being paid each week and were therefore unable to determine whether or not they were in fact being paid for all of the hours that they worked during the week.

52.     Plaintiffs have spoken with other non-management grocery employees of Defendants, including stock and counter employees, who were similarly required to work in excess of forty (40) hours per week during the Class Period and similarly did not receive overtime premium pay for hours worked over forty (40) per workweek.

53.     At no point during Plaintiffs' employment did they receive a wage notice showing his hourly or overtime rate at the date of his hiring or by February 1 of each year. Also, Plaintiffs' were never provided a wage statement with the cash payment they received each week, indicating the amount of hours they worked during the week, their regular rate, and/or their overtime rate.

**<u>Defendants' Unlawful Corporate Policies</u>**

54.     Plaintiffs have spoken with other employees of Defendants who similarly worked in excess of forty (40) hours per week during the Class Period and did not receive overtime premiums of one-half their regular hourly rate for hours over forty (40) each week.  Defendants' failure to pay Plaintiffs and Class Members overtime premiums was a corporate policy of Defendants which applied to all of their stock employees throughout the relevant period.

55.     Plaintiffs are aware that Defendants' non-management employees are paid in cash at straight-time hourly rate or by fixed weekly salary, with no overtime premiums for hours worked over 40 hours in a given workweek and no spread-of-hours premiums.

56.     Upon information and belief, Defendants employ approximately 20 employees at any one time who work as non-management grocery employees who they pay on a fixed salary basis each week of between approximately $400.00 to $450.00 in cash.

57.     Plaintiffs have spoken with other employees of Defendants who similarly were paid at or near minimum wage and who worked shifts or split-shifts in excess of ten (10) hours

during the Class Period and did not receive spread-of-hours premiums equal to an extra hour at minimum wage for all such days.

58.     Plaintiff and the Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay overtime compensation and spread-of-hours premiums.

59.     Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiffs in positions that require little skill and no capital investment. Upon information and belief, such individuals were not paid one and one-half when working in excess of forty (40) hours per week. Additionally, such individuals were not provided with proper wage notices at hiring, by February 1 of each year, or on a weekly basis.

60.     Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees. Defendants failed to provide employees with proper wage statements each week and wage notice upon their hiring and/or on February 1 of each year and with accurate wage statements as required by NYLL § 195.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(On Behalf of Plaintiffs and the Collective Action Members)**

61.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62.     By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

63.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64.     Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(On Behalf of Plaintiffs and the Class Members)**

65.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

66.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of

pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

67.     Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**THIRD CAUSE OF ACTION**
**<u>NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS</u>**
**(On Behalf of Plaintiffs and the Class Members)**

68.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

70.     Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**
**(On Behalf of Plaintiffs and the Class Members)**

71.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72.     Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

73.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENT**
**(On Behalf of Plaintiffs and the Class Members)**

74.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

75.     Defendants have willfully failed to supply Plaintiffs and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

76.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.      An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.      Fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

j.      One hundred dollars ($100) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k.      An award of prejudgment and post-judgment interest;

l.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
          December 15, 2015

                              **PELTON & ASSOCIATES PC**

                              By: _____
                              Brent E. Pelton (BP 1055)
                              Taylor B. Graham (TG 9607)
                              111 Broadway, Suite 1503
                              New York, New York 10006
                              Telephone: (212) 385-9700
                              Facsimile: (212) 385-0800

                              *Attorneys for Plaintiffs, the putative collective and class*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of K.A.M. Food Store, Inc. d/b/a Met Foods, and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me prevailing wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton & Associates PC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.


_Kareem Braxton_                 _12/1/15_                 _Kareem Braxton_
Signature                              Date                              Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of K.A.M. Food Store, Inc. d/b/a Met Foods, and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me prevailing wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton & Associates PC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____      12/02/2015      HANNELL LYNCH
Signature                      Date             Printed Name