# jackson lewis

Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

**Jackson Lewis P.C.**
**58 South Service Road**
**Suite 250**
**Melville, New York 11747**
**Tel 631 247-0404**
**Fax 631 247-0417**
**www.jacksonlewis.com**

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | STAMFORD, CT |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | TAMPA, FL |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | WHITE PLAINS, NY |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

EMAIL ADDRESS: TRIPPN@JACKSONLEWIS.COM
DIRECT DIAL: (631) 247-4661

September 23, 2016

*VIA ECF*

Magistrate Judge Vera M. Scanlon
U.S. District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N505
Brooklyn, New York  11201

Re:  *Braxton, et al. v. K.A.M. Food Store, Inc., et al.*
     Case No.:  15-cv-07145

Dear Magistrate Scanlon:

We represent Defendants in the above matter.  This letter is submitted jointly with counsel for Plaintiffs pursuant to the Fair Labor Standards Act (FLSA), the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) and Your Honor's prior orders interpreting *Cheeks*.[1]  Counsel for the Parties respectfully submit that the attached form of Negotiated Settlement Agreement (Exhibit A) constitutes a fair and reasonable compromise of this matter which should be approved by the Court.[2]  Significantly, the sums payable to Plaintiffs represent a substantial portion of their potential recovery in this matter, fully satisfying their claims for unpaid wages under the FLSA and supporting the settlement of this matter together with Plaintiffs' agreement, among other things, to waive all claims against Defendants.

## I.   DEFENDANT K.A.M. FOOD STORE, INC. PRESENTED *BONA FIDE* DEFENSES TO PLAINTIFFS' CLAIMS

Plaintiffs' claim under the FLSA is that they were paid a straight hourly rate for all hours. DKT 1 ("Complaint") ¶¶ 43, 46, 49.  Defendants asserted, and provided information reflecting that, Plaintiffs were paid at or above the applicable FLSA minimum wage, with

---

[1] *See, e.g. Shiu et al. v. Aluk 888 Inc., et al.*, 15-cv-1642, 04/21/2016.

[2] The parties are still in the process of collecting signatures on this agreed-upon form, and will supplement this application by submitting the signed Agreement as soon as all signatures have been obtained.



overtime pay. *See* DKT 18. Based on that dispute, the Parties engaged in good faith, arm's-length settlement negotiations regarding not only Plaintiffs' FLSA claims, but also their pendent state law claims.[3] The resulting negotiated settlement pays Plaintiffs amounts in excess of their alleged actual unpaid wages, as well as a portion of liquidated damages. An essential component of the settlement is Plaintiffs' waiver of other claims, which is unquestionably supported by consideration given their receipt of an amount exceeding recovery of their alleged actual unpaid wages under both the FLSA and state law, along with Defendants' agreement to make the release bilateral to provide the parties with final resolution of all claims.

The Parties agree that the terms and conditions of the Negotiated Settlement Agreement are fair, reasonable and in the best interest of the Parties. The Parties have entered into a settlement they feel reflects a reasonable compromise of disputed issues and any actual or potential claims. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

## II.   THE COURT SHOULD FIND THAT THE SETTLEMENT IS FAIR AND REASONABLE.

A FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Cheeks*, *supra*; *Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).[4] Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food*, 679 F.2d at 1354). Although the FLSA places "limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *Wolinsky*, 900 F. Supp. 2d at 335 (alteration in original) (internal quotation marks omitted), "these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here." *Cisneros v. Schnipper Restaurant LLC*, 2014 U.S. Dist. LEXIS 2111, *3 (S.D.N.Y. Jan. 8, 2014).

---

[3] Such claims, of course, may be waived by private agreement. *Amaya v. Garden City Irrigation, Inc.*, 2011 U.S. Dist. LEXIS 15316, at *4-5 (E.D.N.Y. Feb. 15, 2011).

[4] The parties note that *Cheeks* relies heavily on the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982), and that the Eleventh Circuit itself has subsequently contemplated that the supervision doctrine laid out in that case may apply only where a "compromise" of an FLSA claim has occurred. *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009).



Here, there is no question that the settlement did not come about because of "overreaching" by the employer. To the contrary, the settlement was the result of vigorous arm's-length negotiations over several weeks. The Parties are represented by counsel experienced in wage and hour law who duly counseled their respective clients on the benefits and risks of continued litigation. As explained above, the settlement represents a substantial portion of possible recovery, including full recovery of alleged actual unpaid wages plus a portion of liquidated damages. Settlement at this early stage of the case unquestionably constitutes the most efficient and effective conclusion to this litigation. Defendants asserted legitimate substantive defenses which highlighted substantial risk to Plaintiffs' ability to continue this FLSA litigation. *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013) (FLSA protects only minimum wage and overtime). The bi-lateral release provides additional consideration and finality to all parties.[5] Arm's-length negotiations between knowledgeable counsel followed, culminating in a negotiated resolution.

## III.   ATTORNEYS' FEES AND EXPENSES.

Pursuant to the terms of the Negotiated Settlement Agreement, and Plaintiff's agreement with her counsel, Plaintiff's counsel will be paid $13,943.67 for attorneys' fees and reimbursement of $668.98 in actual litigation costs.[6] The attorneys' fees portion represents one-third (33.33%) of the Settlement Amount, after deducting the actual litigation costs. To determine the reasonableness of proposed attorneys' fees, courts requiring such review look to evidence submitted by counsel that provides a factual basis for the award. *Wolinsky*, 900 F. Supp. 2d at 336 (citation omitted). "Such evidence may take the form of contemporaneous billing records that outline, for each attorney, the date, the hours expended, and the nature of the work done." *Mireku v. Red Vision Systems, Inc.*, 2013 U.S. Dist. LEXIS 172102, *5 (S.D.N.Y. Dec. 6, 2013). Attached as Exhibit B is Plaintiffs' attorneys' affirmation regarding fees and costs incurred in this matter. Per counsel's affirmation, Plaintiffs' counsel represents that their fees and costs to date exceed the amount to be paid under the Agreement. In accordance with the formula set forth in *Arbor Hill Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182

---

[5] *See Souza v. 65 St. Marks Bistro*, 2015 U.S. Dist. LEXIS 151144, at *18-19 (S.D.N.Y. Nov. 6, 2015)("parties come to a settlement conference in a wage-and-hour case hoping to achieve a resolution of all claims, including any other claims that they may have against each other (whether pled or unpled in the complaint or in any counterclaims) so that they do not have to litigate against each other in the future. A general release of the kind proposed in this case, with former employees who have no ongoing relationship with the employer, makes sense in order to bring complete closure . . . A mutual release will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes").

[6] Where a proposed settlement of FLSA claims includes the payment of attorneys' fees, some courts require that the supervising district judge also assess the reasonableness of the fee award. *Compare Wolinsky*, 900 F. Supp. 2d at 336; *see* 29 U.S.C. § 216(b) ("The Court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action.") *with Mares v. Dal Chon Kim*, 2016 U.S. Dist. LEXIS 96723, at *5 (S.D.N.Y. July 25, 2016)("the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from over-reaching by the employer . . . I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney").



(2d Cir. 2008), a fee is presumptively reasonable when it is "comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours." *Id.* at 189.

*     *     *     *     *

For the reasons above, the Parties respectfully request that the Court approve their Negotiated Settlement Agreement as fair and reasonable under the circumstances of this case. The Parties also respectfully request that the executed Stipulation And Order of Dismissal With Prejudice, attached as Exhibit C, be "So Ordered" by the Court and that the Clerk be directed to close this case. In the event the Court has any questions regarding the Parties' agreement or if the Court requires any additional information regarding the settlement, counsel for the Parties will make themselves available for a telephone or in-person conference.

Thank you very much for your time and attention to this application.

Respectfully submitted,

JACKSON LEWIS P.C.

Noel P. Tripp

NPT:dc
Attachments

cc:    All Counsel of Record (*via ECF*)

4822-1314-8473, v. 1

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

KAREEM BRAXTON and YAHKEEL
LYNCH, Individually and on Behalf of All
Others Similarly Situated,

                    Plaintiffs,

           v.

K.A.M. FOOD STORE, INC., KHALID
DOLAH, AMIN DOLAH, and MAHMOUD
HASSAN DOLAH, Jointly and Severally,

                    Defendants.

-------------------------------------------------------------------X

Civ. No.: 15-cv-07145

Irizarry, J
Scanlon, MJ

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

        Defendants K.A.M. FOOD STORE, INC. (K.A.M.), KHALID DOLAH, AMIN DOLAH, and MAHMOUD HASSAN DOLAH (collectively "Defendants") and Plaintiffs KAREEM BRAXTON, YAHKEEL LYNCH and CORY SMITH (collective "Plaintiffs") (collectively the "Parties"), agree that:

        1.    **Consideration**.  In consideration for Plaintiffs signing this Settlement Agreement and Mutual General Release ("Agreement"), and complying with the terms and conditions herein, K.A.M. agrees to pay Plaintiffs and their counsel the total amount of Forty Two Thousand Five Hundred Dollars and No Cents ($42,500.00) (the "Settlement Payment") in accordance with the below.  K.A.M. shall make the Settlement Payment and provide additional consideration as set forth herein including its release of any claims against Plaintiffs (provided no Plaintiff revokes his acceptance of the Agreement during the seven (7) calendar revocation period described in Paragraph 16 below and provided Plaintiffs do not violate the terms of this

Agreement) after the latest of (1) the date Defendants receive a copy of this Agreement signed by Plaintiffs (along with confirmation that the original signature shall be forwarded); and, (2) the date the Court approves the settlement, whether by signing the Stipulation dismissing this case as discussed in Paragraph 15 below or by separate order ("Dismissal"), as follows:

       a.     Within thirty (30) days of the date Defendants receive a copy of this Agreement signed by Plaintiffs (provided the conditions above all are met), a check payable to Pelton Graham LLC (Tax ID No. 81-1466774), as and for attorney's fees for Seven Thousand Three Hundred and Six Dollars and Thirty-Two Cents ($7,306.32) representing attorneys' fees and costs, for which Forms 1099 will be issued to Plaintiffs and also to their counsel.  The second payment of $7,306.32 representing attorney's fees shall be due and payable on the same deadline as the payments outlined in Paragraphs 1(e)-(g);

       b.     Within thirty (30) days of the date Defendants receive a copy of this Agreement signed by Plaintiffs (provided the conditions above all are met), a check payable to Named Plaintiff Kareem Braxton totaling the gross amount of Five Thousand Eight Hundred and Seventy-Five Dollars and Zero Cents ($5,875.00) less withholdings, for which Plaintiff Braxton shall receive a Form W-2;

       c.     Within thirty (30) days of the date Defendants receive a copy of this Agreement signed by Plaintiffs (provided the conditions above all are met), a check payable to Named Plaintiff Yahkeel Lynch, totaling the gross amount of Seven Hundred and Eighty-Four Dollars and Thirty-Four Cents ($784.34) less withholdings, for which Plaintiff Lynch shall receive a Form W-2;

d.      Within thirty (30) days of the date Defendants receive a copy of this Agreement signed by Plaintiffs (provided the conditions above all are met), a check payable to Opt-in Plaintiff Cory Smith, totaling the gross amount of Three Hundred and Twelve Dollars and Fifty Cents ($312.50) less withholdings, for which Opt-in Plaintiff Smith shall receive a Form W-2;

e.      Within forty-five (45) days of the deadline to make the payments outlined in Paragraphs 1(a)-(d), a check payable to Named Plaintiff Kareem Braxton totaling the gross amount of Five Thousand Eight Hundred and Seventy-Five Dollars and Zero Cents ($5,875.00) less withholdings, for which Plaintiff Braxton shall receive a Form W-2;

f.      Within forty-five (45) days of the deadline to make the payments outlined in Paragraphs 1(a)-(d), a check payable to Named Plaintiff Yahkeel Lynch, totaling the gross amount of Seven Hundred Eighty-Four Dollars and Thirty-Four Cents ($784.34) less withholdings, for which Plaintiff Lynch shall receive a Form W-2;

g.      Within forty-five (45) days of the deadline to make the payments outlined in Paragraphs 1(a)-(d), a check payable to Opt-in Plaintiff Cory Smith, totaling the gross amount of Three Hundred and Twelve Dollars and Fifty Cents ($312.50) less withholdings, for which Opt-in Plaintiff Smith shall receive a Form W-2;

h.      Within forty-five (45) days of the deadline to make the payments outlined in Paragraphs 1(e)-(g), a check payable to Named Plaintiff Kareem Braxton totaling the gross amount of Five Thousand Eight Hundred and Seventy-Five Dollars and Zero Cents ($5,875.00) less withholdings, for which Plaintiff Braxton shall receive a Form 1099;

    i.  Within forty-five (45) days of the deadline to make the payments outlined in Paragraphs1(e)-(g), a check payable to Named Plaintiff Yahkeel Lynch, totaling the gross amount of Seven Hundred Eighty-Four Dollars and Thirty-Four Cents ($784.34) less withholdings, for which Plaintiff Lynch shall receive a Form 1099;

    j.  Within forty-five (45) days of the deadline to make the payments outlined in Paragraphs1(e)-(g), a check payable to Opt-in Plaintiff Cory Smith, totaling the gross amount of Three Hundred and Twelve Dollars and Fifty Cents ($312.50) less withholdings, for which Opt-in Plaintiff Smith shall receive a Form 1099;

    k.  Within forty-five (45) days of the deadline to make the payments outlined in Paragraphs 1(h)-(j), a check payable to Named Plaintiff Kareem Braxton totaling the gross amount of Five Thousand Eight Hundred and Seventy-Five Dollars and Zero Cents ($5,875.00) less withholdings, for which Plaintiff Braxton shall receive a Form 1099;

    l.  Within forty-five (45) days of the deadline to make the payments outlined in Paragraphs1(h)-(j), a check payable to Named Plaintiff Yahkeel Lynch, totaling the gross amount of Seven Hundred and Eighty-Four Dollars and Thirty-Four Cents ($784.34) less withholdings, for which Plaintiff Lynch shall receive a Form 1099;

    m.  Within forty-five (45) days of the deadline to make the payments outlined in Paragraphs1(h)-(j), a check payable to Opt-in Plaintiff Cory Smith, totaling the gross amount of Three Hundred and Twelve Dollars and Fifty Cents ($312.50) less withholdings, for which Opt-in Plaintiff Smith shall receive a Form 1099;

n.    **No Consideration Absent Execution of this Agreement.**
Plaintiffs would not receive the consideration specified in this Paragraph "1" above, except for Plaintiffs' execution of this Agreement and complete fulfillment of the promises contained herein.

o.    The payments shall be sent to Plaintiffs' counsel, who shall be responsible for distribution of such payments.

p.    Mike Dolah shall execute the Affidavit for Confession of Judgment in the form attached hereto as Exhibit "B." In the event of a default by KAM in making any of the payments set forth in this Agreement, and if such default remains uncured after thirty (30) days written notice of such default in the manner provided for herein, the full amount of such payments ($42,500, less any payments previously made pursuant to this Agreement), shall immediately become due and owing subject to the terms of Exhibit B. Counsel for Plaintiffs shall not file the Affidavit for Confession of Judgment, but shall hold same in escrow, unless and until KAM defaults on its payment obligations as mandated by this Agreement and fails to cure such default within the cure period. Upon full payment by KAM in accordance with the terms of this Agreement, counsel for Plaintiffs shall return the original Affidavit for Confession of Judgment to counsel for KAM, marked "satisfied in full" and signed and dated by an authorized representative of Plaintiffs.

2.     **Release of Claims and Related Provisions**.

      a.     **Release of All Claims by Plaintiffs**.  Plaintiffs knowingly and voluntarily release and forever discharge K.A.M. and any and all parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers (including individual Defendants Khalid Dolah, Amin Dolah and Mahmoud Hassan Dolah), directors and agents thereof, both individually and in their business capacities, and all employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Plaintiffs have or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan administered by District 1199, any claim relating thereto shall be asserted only as permitted in any such plan and not against Defendant);
- The Genetic Information Non-discrimination Act;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Age Discrimination in Employment Act of 1967, as applicable;

- The Fair Labor Standards Act (FLSA);

- The New York State Executive Law (including its Human Rights Law);

- The New York State Labor Law;

- The New York wage, wage theft, wage payment and wage–hour laws;

- The New York City Administrative Code (including its Human Rights Law);

- Any other federal, state or local compensation-related, civil, human rights, bias, whistleblower, discrimination, retaliation, compensation, manufacturing, employment, wage, labor or other local, state or federal law, regulation or ordinance such that no claim of any kind shall survive or not be settled and waived by this Agreement;

- Any amendments to the foregoing laws;

- Any benefit, payroll or other plan, policy or program;

- Any employment-related public policy, contract, third-party beneficiary, tort or common law claim; or,

- Any claim for costs, fees, or other expenses including attorneys' fees arising from the foregoing;

b.    <u>**Release of All Claims by Defendants**</u>.   Defendants knowingly and voluntarily release and forever discharge Plaintiffs of and from any and all claims, known and

unknown, asserted or unasserted, which K.A.M. Food Store has or may have against Plaintiffs as of the date of the execution of this Agreement;

  c. **Governmental Agencies**.  Nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency.  However, to the maximum extent permitted by law, each Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies and all monies paid hereunder shall be set-off in full against any relief or recovery of any kind without apportionment; and,

  d. **Collective/Class Action Waiver**.  If any claim is not subject to release therein, to the extent permitted by law, each Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action, grievance or proceeding based on such a claim in which Defendants or any Releasee identified in this Agreement is a party and all monies paid hereunder shall be set-off in full against any relief or recovery of any kind without apportionment.

  3. **Non-Disparagement, Non-Publicity and Neutral Reference**.

  a. Plaintiffs agree that each will not make any comments or perform any acts, directly or indirectly, that are critical, disparaging, derogatory or that may tend to injure the business or reputation of the Releasees.  Except as otherwise required by law, Plaintiffs agree to refrain from directly or indirectly making any comments or engaging in publicity or any other action or activity which reflects adversely upon the Releasees, including publicizing this Agreement;

b.      Plaintiffs shall direct all requests for reference to Amin Dolah (or his successor), who shall provide only the dates of Plaintiffs' respective employment with K.A.M. and their job title(s).

4.      **Acknowledgments and Affirmations**.

a.      Each Plaintiff affirms that he has not filed or caused to be filed any other claim, grievance or arbitration against Defendants and presently is a party solely to this lawsuit (*Kareem Braxton, et al. v. K.A.M. Food Store, Inc.*, Case Number 15 cv 07145, the "Litigation");

b.      Each Plaintiff affirms that he will not, at any point from the date this Agreement is fully executed and going forward, institute a claim or lawsuit of any kind against Releasees based in whole or in part on any act or occurrence whatsoever that occurred prior to execution of this Agreement;

c.      Each Plaintiff affirms that, while employed he never made any report of and thus was not retaliated against for reporting any allegations of wrongdoing by K.A.M. Food Store, its officers and/or Individual Defendants Khalid Dolah, Amin Dolah and Mahmoud Hassan Dolah, including any allegations of corporate fraud, having not made any such report while employed other than the filing of this Lawsuit;

d.      Each Plaintiff affirms he has no known workplace injuries or occupational diseases and knows of no basis to make any claim for workers' compensation benefits; and,

       e.     Each Plaintiff affirms he is not a Medicare or Medicaid beneficiary as of the date of this Agreement and no conditional payments have been made by Medicare or Medicaid.

       **5.**     **Governing Law and Interpretation**.  This Agreement and General Release shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach.  The prevailing party shall be entitled to reasonable attorneys' fees and costs not to exceed $5,000.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, the parties authorize the court to interpret or modify the clause(s) to be enforceable.  If that cannot be done, then, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

       **6.**     **Nonadmission of Wrongdoing**.  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

       **7.**     **Amendment**.  Except as set forth above, this Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

8.    **Entire Agreement**.   This Agreement sets forth the entire agreement between the Parties hereto, fully supersedes any prior agreements or understandings between the Parties and satisfies all obligations of Defendants to Plaintiffs.

9.    **Severability**.   If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, that court shall interpret, administer or modify it to be enforceable.  If that cannot be done, then such clause(s) shall be of no effect and the remaining portions of this Agreement will remain in full force and effect and will bar, settle and release any and all claims that Plaintiffs may have of any kind.

10.   **No Waiver**.  Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

11.   **Section Headings**.  Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

12.   **Counterparts.**  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

13.   **Capability to Waive Claims**.  Each Plaintiff is competent to enter into a knowing and voluntary general and unlimited release of all claims.  Each Plaintiff is not affected or impaired by illness, use of alcohol, drugs or other substances and is not otherwise impaired.

Each Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair his right to settle, waiver and release all claims.

14.     **Representation**.  Plaintiffs affirm that each will not encourage any other current or former employee of any Releasee to bring any claim(s) against any Releasee.

15.     **Procedure**.  After the Negotiated Settlement Agreement and the Stipulation and Order of Dismissal attached hereto as Exhibit "A" fully are executed by the Parties and their counsel, the Parties will jointly submit the Negotiated Settlement Agreement and Stipulation and Order of Dismissal to the Court for the Court's consideration and approval, as well as a joint motion for approval consistent with the foregoing, to be filed with the Court.

16.     **Revocation**.  Since a claim of age discrimination is being waived, Plaintiffs may revoke this Agreement for a period of seven (7) calendar days following the day such Plaintiff signs this Agreement and General Release.  Any revocation within this period must be submitted, in writing to Noel Tripp, Esq., Jackson Lewis P.C., 58 S. Service Road, Suite 250, Melville, New York 11747 and state, "I hereby revoke my acceptance of our agreement and general release." The revocation must be personally delivered to Noel Tripp, or his designee, or mailed to Noel Tripp and Postmarked within seven (7) calendar days after Employee signs this Agreement and General Release.

**EACH PLAINTIFF IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. EACH PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND CONFIRM THAT HE HAS DONE SO AND IS SATISFIED WITH THE ADVICE OF HIS COUNSEL, BRENT PELTON, ESQ. AND TAYLOR GRAHAM, ESQ. OF PELTON GRAHAM LLC.**

**EACH PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, BRENT PELTON, ESQ. AND TAYLOR GRAHAM, ESQ., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

Dated: 09/22/, 2016          By: _Kareem Braxton_
                                  KAREEM BRAXTON

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

TAYLOR BELL GRAHAM
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GR6345792
Qualified In New York County
My Commission Expires 08-01-2020

On the 22 day of September in the year 2016 before me, the undersigned, personally appeared Kareem Braxton, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME, INCLUDING MY RELEASE OF CLAIMS.

Dated: 09/23rd, 2016          By: _____
                                  YAHKEEL LYNCH

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

TAYLOR BELL GRAHAM
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GR6345792
Qualified In New York County
My Commission Expires 08-01-2020

On the 23ʳᵈ day of _September_ in the year 2016 before me, the undersigned, personally appeared Yahkeel Lynch, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME, INCLUDING MY RELEASE OF CLAIMS.**

Dated: 9/23 , 2016                    By: _____
                                          CORY SMITH

STATE OF NEW YORK      )                    TAYLOR BELL GRAHAM
                       ) ss.:            NOTARY PUBLIC-STATE OF NEW YORK
COUNTY OF NEW YORK     )                       No. 02GR6345792
                                            Qualified In New York County
                                         My Commission Expires 08-01-2020

On the 23ʳᵈ day of _September_ in the year 2016 before me, the undersigned, personally appeared Cory Smith, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME, INCLUDING MY RELEASE OF CLAIMS.**

K.A.M. FOOD STORE, INC.

Dated: _____, 2016             By: _____

                                   Title: _____

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

KAREEM BRAXTON and YAHKEEL
LYNCH, Individually and on Behalf of All
Others Similarly Situated,

               Plaintiffs,

       v.

K.A.M. FOOD STORE, INC., KHALID
DOLAH, AMIN DOLAH, and MAHMOUD
HASSAN DOLAH, Jointly and Severally,

               Defendants.

------------------------------------------------------------------x

Civ. No.: 15-cv-07145

Irizarry, J
Scanlon, MJ

## <u>STIPULATION OF DISMISSAL WITH PREJUDICE</u>

IT IS HEREBY ORDERED that: that the Settlement Agreement and General Release in this matter having been reviewed by the Court and found to be fair and reasonable that (1) the Settlement Agreement and General Release, including the release of all claims, should be and is approved; and (2) Plaintiffs' claims, which were the subject of a *bona fide* dispute, are hereby dismissed with prejudice.

PELTON & ASSOCIATES PC
*ATTORNEYS FOR PLAINTIFFS*
111 Broadway, Ste. 1503
New York, New York 10006
(212) 385-9700

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Rd., Ste. 250
Melville, New York 11747
(631) 247-0404

By: _____
     TAYLOR GRAHAM, ESQ.

By: _____
     NOEL P. TRIPP, ESQ.

Dated: _____

Dated: _____

SO ORDERED on this __ day of _____, 2016

_____
United States Magistrate Judge

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
KINGS COUNTY

KAREEM BRAXTON, YAHKEEL LYNCH AND
CORY SMITH,

          Plaintiffs,

              -against-

K.A.M. FOOD STORE, INC., and MIKE DOLAH,

          Defendants.

Index No.

## AFFIDAVIT OF JUDGMENT BY CONFESSION

Mike Dolah, being first duly sworn, deposes and states:

I am part owner of the entity known as K.A.M. Food Store, Inc., d/b/a Met Food ("KAM") and as such, am fully authorized to act in said capacity and to bind the interests of KAM. KAM is a corporation organized under the laws of the State of New York, with a principal place of business located at 739 Nostrand Avenue, Brooklyn, New York 11216.

I, Mike Dolah, reside in Brooklyn, New York.

Contemporaneously with the execution of this Affidavit of Judgment By Confession, KAM has entered into a Negotiated Settlement Agreement in connection with claims asserted by Kareem Braxton, Yahkeel Lynch and Cory Smith ("Plaintiffs"), which resolves any and all disputes concerning their employment with KAM. The Parties' Negotiated Settlement Agreement is referenced and made a part hereof as if more fully set forth at length herein.

Within the Negotiated Settlement Agreement, KAM has agreed to pay the Settlement Amounts specified therein over a 6-month period in accordance with the payment schedule, in full and final settlement of all claims, notwithstanding that KAM and I have denied any liability whatsoever to Plaintiffs.

The Parties duly acknowledge that the execution of the Negotiated Settlement Agreement shall not be deemed to be an admission of any fault, breach, wrongdoing or other act on the part any of KAM.

Specifically, at Paragraph "1" of the Negotiated Settlement Agreement, KAM agrees to pay Plaintiffs the total Settlement Amount of Forty-Two Thousand Five Hundred Dollars and No

Cents ($42,500), to be paid in accordance with the terms of that paragraph.

In the event KAM fails to comply with any of the terms ("default") of the Settlement Payments described above and in the Negotiated Settlement Agreement, the affected Plaintiffs shall be entitled to enforce this Judgment by Confession against KAM and Mike Dolah with the Court after first giving written notice of default (said written notice of default to be served by certified mail, return receipt requested, at the offices of KAM, 739 Nostrand Avenue, Brooklyn, New York 11216, and also to KAM's counsel, Noel P. Tripp, Esq., Jackson Lewis P.C., 58 S. Service Road, Suite 250, Melville, NY 11747), and further providing a thirty (30) day right to cure such default. In the event KAM fails to cure within thirty days of receipt of such notice, the entire remaining balance of the Settlement Amount shall become immediately due and payable to Plaintiffs, along with costs, interest and attorneys' fees as set forth herein.

Plaintiffs, by and through their attorneys, agree that this Judgment By Confession shall be held in escrow by their attorneys and shall not be filed in any court unless and until KAM defaults under the Negotiated Settlement Agreement and fails to cure such default as set forth above and in the Negotiated Settlement Agreement. Upon full payment of the Settlement Amount, Plaintiffs, by and through their attorneys, shall return the original of the Judgment By Confession to counsel for KAM marked "satisfied in full", and they shall not retain any copies thereof, except as required by applicable ethics rules and malpractice policies.

Pursuant to N.Y. C.P.L.R. Section 3218, Mike Dolah and KAM hereby confess judgment in favor of Plaintiffs in the amount of Forty Two Thousand Five Hundred Dollars and No Cents ($42,500) and hereby authorize Plaintiffs to enter judgment for that amount, or any balance thereof remaining unpaid subsequent to KAM's failure to cure the default upon notice in the manner set forth above of this Judgment By Confession. Mike Dolah and KAM further confess judgment in favor of Plaintiffs for reasonable attorneys' fees, disbursements for the collection of this judgment, costs, and interest associated with enforcing this Judgment By Confession, as determined by the Court, but not in any case to exceed Ten Thousand Dollars ($10,000).

This Judgment By Confession is given solely to secure Plaintiffs in the installment payments of the Settlement Amount as agreed to in the Negotiated Settlement Agreement.

KAM and Mike Dolah agree to accept and not contest jurisdiction and venue in the state and federal courts of the United States, including, without limitation, the Supreme Court of the State of New York, of the purpose of filing and entering this Judgment by Confession.

It is further understood that KAM and I shall be given full credit for any and all

payments made to Plaintiffs prior to the time of any default by KAM.

        It is further understood that Plaintiffs have continuing obligations to KAM as found in various paragraphs, sub-paragraphs and sub-parts of the Negotiated Settlement Agreement, which are incorporated by reference herein.  A material breach of the Negotiated Settlement Agreement by any Plaintiff shall render this Confession void.


By:     _____
                 Mike Dolah


STATE OF NEW YORK      )
                          ) ss.:
COUNTY OF KINGS       )

        On _____, 2016 before me personally came Mike Dolah and acknowledged that he has read the foregoing Judgment By Confession and fully understood its terms and conditions, and executed the same as his free act and deed.


_____
Notary Public

4811-8759-8135, v. 2

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

KAREEM BRAXTON and YAHKEEL LYNCH,
Individually and on Behalf of All Others Similarly
Situated,

                                Plaintiffs,

-against-

K.A.M. FOOD STORE, INC., KHALID DOLAH,
AMIN DOLAH, and MAHMOUD HASSAN DOLAH,
Jointly and Severally,

                                Defendants.

---

15 Civ. 7145 (DLI)(VMS)

---

## AFFIDAVIT OF TAYLOR B. GRAHAM IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF FLSA SETTLEMENT

I, Taylor B. Graham, declare as follows:

1.      I am an attorney admitted before this Court.  I am a member of the firm of Pelton Graham LLC ("Pelton Graham") in New York, New York, Plaintiffs' Counsel herein.

2.      I am one of the lawyers primarily responsible for the prosecution of Plaintiffs' claims against Defendants in the following action: *Braxton, et al. v. K.A.M. Food Store, Inc., et al.*, Civil Action No. 15 Civ. 7145 (DLI)(VMS) (hereinafter referred to as the "Action").

3.      I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Plaintiffs' Counsel's Fees and Costs**

4.      To date, our firm's efforts in litigating and settling this action have been without compensation.

5.      The named and opt-in plaintiffs agreed to Plaintiffs' counsel's fees of up to one-third of the settlement fund and reimbursement for costs. Specifically, they agreed in their individually negotiated retainer agreements, that Pelton Graham would recover up to one-third of the gross settlement, or counsel's hourly rate, whichever was greater, plus litigation costs.

6.      I am a partner with Pelton Graham who has been with the firm since May 2009. I received my J.D. from Fordham University School of Law in 2011, where I was an Irving R. Kaufman Scholarship recipient and earned the Archibald R. Murray Public Service Award. I am a member of National Employment Lawyers Association ("NELA") and NELA's New York Chapter, and the American Bar Association Labor and Employment Law Section. I have federal wage and hour multi-plaintiff trial and appellate experience and am admitted to practice in the States of New York and New Jersey, and the Southern, Eastern, Western, and Northern Districts of New York. My current billable rate is $300 per hour.

7.      Brent E. Pelton is a partner at Pelton Graham. Mr. Pelton graduated from Northwestern School of Law at Lewis and Clark College and has approximately twelve (12) years experience practicing within the Southern and Eastern districts of New York and the New York State court system, and significant experience litigating Fair Labor Standards Act and New York Labor Law unpaid wages lawsuits, including serving as lead counsel on two (2) multi-plaintiff federal wage and hour jury trials. Mr. Pelton is a member of NELA and NELA's New York Chapter. Mr. Pelton was nominated as a Super Lawyer – Rising Star for the New York Metro area in the practice area of Employment Litigation in 2013 and a Super Lawyer for the New York Metro area in 2014 and 2015. Mr. Pelton is frequently contacted by the media and the press to discuss current employment law related issues, and has been a panelist on several CLE seminars on the topic of employment litigation. Mr. Pelton is also admitted to practice in the State of California. Mr. Pelton's hourly rate is $450.

8.     Joanne M. Albertsen is an associate with Pelton Graham who has worked for the firm since August 2013 and is currently working remotely. Ms. Albertsen graduated from New York University School of Law in 2010 and is admitted to practice in the State of New York and the Eastern and Southern Districts of New York. Ms. Albertsen clerked for two federal magistrate judges after law school before joining Pelton Graham. Ms. Albertsen's hourly rate is $275.

9.     Kristen Boysen is an associate with Pelton Graham who has worked for the firm since October 2014. Ms. Boysen is a 2014 graduate of the University of Pennsylvania Law School. Ms. Boysen's hourly rate is $225.

10.    Adriana Sandoval is a paralegal with Pelton Graham who is fluent in Spanish and English. Ms. Sandoval's hourly rate is $125.

11.    Pelton Graham routinely litigates against a number of the largest and best capitalized employment defense firms in the nation and relies on a small number of resolutions to continue to represent primarily low-income individuals in employment rights litigation.

12.    Based on our firm's extensive experience in precisely this type of litigation and our thorough familiarity with the factual and legal issues in this case, we have reached the firm conclusion that the proposed Settlement is clearly in the best interests of the plaintiffs.

13.    To date, we have spent approximately 45 hours in prosecuting and settling this matter and we anticipate expending more hours after the date of this affidavit in administering the settlement payout over the next several months.

14.    The hours reported are reasonable for a case of this complexity and magnitude and were compiled from contemporaneous time records maintained by each attorney and paralegal participating in this case. A copy of Pelton Graham's contemporaneous time records

for this matter are attached hereto as **Exhibit 1** and a copy of Pelton Graham's record of litigation costs is attached as **Exhibit 2**.

I declare under penalty of perjury, under 28 U.S.C.§1746, that the foregoing is true and correct.

Executed this 23rd day of September, 2016.
New York, New York

_/s/ Taylor B. Graham_____
Taylor B. Graham

**PELTON GRAHAM LLC**
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800
Email: graham@peltongraham.com

# EXHIBIT 1

| Date | Matter | Description | User | Rate | Total |
|------|--------|-------------|------|------|-------|
| 09/23/2016 | 00192-Braxton | Draft: draft aff re atty fees etc for fairness letter | Taylor Graham 0.70 | $300.00 | $210.00 |
| 09/23/2016 | 00192-Braxton | Meet with: meet with YLynch and CSmith to sign settlement agreement and discuss next steps etc | Taylor Graham 0.60 | $300.00 | $180.00 |
| 09/22/2016 | 00192-Braxton | Discuss final settlement materials. | Brent Pelton 0.30 | $450.00 | $135.00 |
| 09/22/2016 | 00192-Braxton | Reviewing documents: review and edit Ds draft fairness letter | Taylor Graham 0.40 | $300.00 | $120.00 |
| 09/22/2016 | 00192-Braxton | Meet with: meet with KBraxton to go over settlement agreement terms, etc | Taylor Graham 0.80 | $300.00 | $240.00 |
| 09/22/2016 | 00192-Braxton | Correspondence with : corr with clients re final settlement agreement and meeting to sign etc | Taylor Graham 0.40 | $300.00 | $120.00 |
| 09/22/2016 | 00192-Braxton | Revise and edit: minor edit to settlement agreement | Taylor Graham 0.20 | $300.00 | $60.00 |
| 09/22/2016 | 00192-Braxton | Email to : emails with defense counsel re settlement agreement revisions | Taylor Graham 0.30 | $300.00 | $90.00 |
| 09/20/2016 | 00192-Braxton | Email to : emails with defense counsel re status of agreement etc | Taylor Graham 0.10 | $300.00 | $30.00 |
| 09/16/2016 | 00192-Braxton | File: file letter extension of time to file agreement | Taylor Graham 0.10 | $300.00 | $30.00 |
| 09/16/2016 | 00192-Braxton | Email to : emails with defense counsel re finalized agreement and letter to court | Taylor Graham 0.20 | $300.00 | $60.00 |
| 09/16/2016 | 00192-Braxton | Draft: draft letter to Court re extension of time to file agreement | Taylor Graham 0.40 | $300.00 | $120.00 |
| 09/12/2016 | 00192-Braxton | Email to : email to defense counsel re revised agreement etc | Taylor Graham 0.20 | $300.00 | $60.00 |
| 09/12/2016 | 00192-Braxton | Revise and edit: additional edits to agreement to send to Ds | Taylor Graham 0.40 | $300.00 | $120.00 |
| 09/09/2016 | 00192-Braxton | Email to : email to defense counsel re edits to settlement | Taylor Graham 0.10 | $300.00 | $30.00 |

| Date | Matter | Description | User | Rate | Total |
|------|--------|-------------|------|------|-------|
| 09/02/2016 | 00192-Braxton | Revise and edit: review and revise draft settlement agreement to include payout amounts etc | Taylor Graham 0.60 | $300.00 | $180.00 |
| 09/02/2016 | 00192-Braxton | Reviewing documents: review ltr to court for extension | Taylor Graham 0.20 | $300.00 | $60.00 |
| 09/02/2016 | 00192-Braxton | Email to : email defense counsel re agreement status and ltr to court | Taylor Graham 0.20 | $300.00 | $60.00 |
| 08/30/2016 | 00192-Braxton | Review cases cited by defense counsel regarding Cheeks. | Brent Pelton 0.40 | $450.00 | $180.00 |
| 08/30/2016 | 00192-Braxton | Reviewing documents: review revised agreement and case law sent by defense counsel | Taylor Graham 0.60 | $300.00 | $180.00 |
| 08/29/2016 | 00192-Braxton | Discussion with : discussion with CSmith re progress on settlement, next steps, etc | Taylor Graham 0.40 | $300.00 | $120.00 |
| 08/29/2016 | 00192-Braxton | Left voicemail : left vm for defense counsel re settlement agreement | Taylor Graham 0.10 | $300.00 | $30.00 |
| 08/23/2016 | 00192-Braxton | Correspondence with : corr with clients re draft settlement agreement and next steps, etc | Taylor Graham 0.30 | $300.00 | $90.00 |
| 08/23/2016 | 00192-Braxton | Reviewing documents: prelim review of draft settlement agreement and discuss same with BEP | Taylor Graham 0.60 | $300.00 | $180.00 |
| 08/19/2016 | 00192-Braxton | Receipt of draft settlement agreement and review regarding Cheeks. | Brent Pelton 0.40 | $450.00 | $180.00 |
| 08/19/2016 | 00192-Braxton | Email to : email with defense counsel re draft letter and settlement agreement | Taylor Graham 0.10 | $300.00 | $30.00 |
| 08/19/2016 | 00192-Braxton | Reviewing documents: review draft letter to Judge Irizarry re extension etc | Taylor Graham 0.20 | $300.00 | $60.00 |
| 07/27/2016 | 00192-Braxton | Telephone call with : call with KBraxton re settlement, allocation, next steps, etc | Taylor Graham 0.60 | $300.00 | $180.00 |
| 07/26/2016 | 00192-Braxton | Discussions re settlement and review letter notifying court of the same. Discuss manner in which to obtain approval of settlement. | Brent Pelton 0.50 | $450.00 | $225.00 |
| 07/25/2016 | 00192-Braxton | Discuss settlement demand number with TBG and convey same to N.Tripp. | Brent Pelton 0.30 | $450.00 | $135.00 |

| Date | Matter | Description | User | Rate | Total |
|------|--------|-------------|------|------|-------|
| 07/21/2016 | 00192-Braxton | Correspondence with N.Tripp and review letter to Judge Scanlon seeking to adjourn the conference. 0.30 | Brent Pelton | $450.00 | $135.00 |
| 07/19/2016 | 00192-Braxton | Order directing plaintiffs to submit 216(b) and strategy regarding resolution. 0.30 | Brent Pelton | $450.00 | $135.00 |
| 07/13/2016 | 00192-Braxton | Telephone call with : call with defense counsel re offer 0.30 | Taylor Graham | $300.00 | $90.00 |
| 07/11/2016 | 00192-Braxton | Further correspondence to N.Tripp regarding settlement discussions. 0.20 | Brent Pelton | $450.00 | $90.00 |
| 06/29/2016 | 00192-Braxton | Correspondence to N.Tripp regarding plaintiffs settlement demand and defendant response. 0.30 | Brent Pelton | $450.00 | $135.00 |
| 06/08/2016 | 00192-Braxton | Strategy regarding case status and potential resolution. Correspondence with defense counsel and call with Mr. Tripp. 0.40 | Brent Pelton | $450.00 | $180.00 |
| 06/08/2016 | 00192-Braxton | Telephone call with : call with defense counsel re settlement offer etc 0.20 | Taylor Graham | $300.00 | $60.00 |
| 06/08/2016 | 00192-Braxton | Email to : emails with defense counsel re discussion w clients re settlement etc 0.20 | Taylor Graham | $300.00 | $60.00 |
| 05/12/2016 | 00192-Braxton | Telephone call with : call with KBraxton re settlement demand, discovery responses, etc 0.60 | Taylor Graham | $300.00 | $180.00 |
| 04/19/2016 | 00192-Braxton | Correspondence with : corr with YLynch re discovery responses etc 0.30 | Taylor Graham | $300.00 | $90.00 |
| 04/19/2016 | 00192-Braxton | Correspondence with : corr with KBraxton re discovery responses 0.60 | Taylor Graham | $300.00 | $180.00 |
| 04/19/2016 | 00192-Braxton | Draft: draft responses to discovery demands for Plaintiff Braxton 2.30 | Taylor Graham | $300.00 | $690.00 |
| 04/16/2016 | 00192-Braxton | File: Prepare and file pre-motion letter (since ECF was down Fri afternoon). 0.20 | Joanne Albertsen | $275.00 | $55.00 |
| 04/15/2016 | 00192-Braxton | Correspondence with : corr with KBraxton re 216b motion, next steps, etc 0.40 | Taylor Graham | $300.00 | $120.00 |
| 04/15/2016 | 00192-Braxton | Draft: draft pre-motion letter on 216b 1.20 | Taylor Graham | $300.00 | $360.00 |

| Date | Matter | Description | User | Rate | Total |
|------|--------|-------------|------|------|-------|
| 04/14/2016 | 00192-Braxton | Correspondence with defense counsel and discuss status of 216(b).<br>0.20 | Brent Pelton | $450.00 | $90.00 |
| 04/14/2016 | 00192-Braxton | Discussion with : discussion with BEP re call with defense counsel and next steps etc<br>0.40 | Taylor Graham | $300.00 | $120.00 |
| 04/14/2016 | 00192-Braxton | Telephone call with : call with defense counsel re 216b, claims, etc<br>0.50 | Taylor Graham | $300.00 | $150.00 |
| 04/14/2016 | 00192-Braxton | Email to : emails with defense counsel re conf call<br>0.20 | Taylor Graham | $300.00 | $60.00 |
| 04/04/2016 | 00192-Braxton | Reviewing documents: review and analyze sample timecard production for Braxton<br>0.80 | Taylor Graham | $300.00 | $240.00 |
| 04/01/2016 | 00192-Braxton | Receipt and review of sample time cards for 2013 and 2014 along with defendants' analysis of his payroll records and cross reference to plaintiff materials.<br>0.70 | Brent Pelton | $450.00 | $315.00 |
| 03/29/2016 | 00192-Braxton | Revise and edit: review and revise draft initial disclosures and discovery demands for exchange with Defendants<br>0.80 | Taylor Graham | $300.00 | $240.00 |
| 03/29/2016 | 00192-Braxton | reviewed complaint/client evidence/Defendants' production, drafted discovery demands/26(a) initial disclosures<br>1.25 | Kristen Boysen | $225.00 | $281.25 |
| 03/24/2016 | 00192-Braxton | Discuss initial conference. Correspondence with defense counsel regarding same.<br>0.30 | Brent Pelton | $450.00 | $135.00 |
| 03/24/2016 | 00192-Braxton | Update: update calendar with all deadlines from Order, discuss same w/TG<br>0.25 | Adriana Sandoval | $125.00 | $31.25 |
| 03/24/2016 | 00192-Braxton | Attend: attend IC before MJ Scanlon in edny<br>1.90 | Taylor Graham | $300.00 | $570.00 |
| 03/24/2016 | 00192-Braxton | Preparation of : prep for IC by review of file, pleadings, scheduling order, etc<br>0.60 | Taylor Graham | $300.00 | $180.00 |
| 03/11/2016 | 00192-Braxton | Correspondence re scheduling.<br>0.10 | Brent Pelton | $450.00 | $45.00 |
| 03/10/2016 | 00192-Braxton | Review and revise letter to court regarding scheduling order and conference.<br>0.30 | Brent Pelton | $450.00 | $135.00 |
| 03/09/2016 | 00192-Braxton | Discuss defendant's time cards with TBG and client and correspondence to defense counsel regarding discussing same.<br>0.40 | Brent Pelton | $450.00 | $180.00 |

| Date | Matter | Description | User | Rate | Total |
|------|--------|-------------|------|------|-------|
| 03/09/2016 | 00192-Braxton | Discussion with : discussion with KBraxton and BEP re time cards and OT, etc | Taylor Graham 0.50 | $300.00 | $150.00 |
| 03/09/2016 | 00192-Braxton | Discussion with : discussion with KBraxton re sample docs sent over by Defendants etc | Taylor Graham 0.50 | $300.00 | $150.00 |
| 03/07/2016 | 00192-Braxton | Receipt and review of time cards from defense counsel along with defendants' minimum wage and overtime analysis. | Brent Pelton 0.40 | $450.00 | $180.00 |
| 02/12/2016 | 00192-Braxton | Strategy regarding case status and anticipated 216(b). Discuss strategy in light on new plaintiff and call with defense counsel. | Brent Pelton 0.50 | $450.00 | $225.00 |
| 02/12/2016 | 00192-Braxton | Telephone conference with : call with defense counsel re 216b, allegations, amendment, etc | Taylor Graham 0.40 | $300.00 | $120.00 |
| 01/19/2016 | 00192-Braxton | Meet with: meet with potential new plaintiff re work for defendants, etc | Taylor Graham 0.80 | $300.00 | $240.00 |
| 01/14/2016 | 00192-Braxton | Email to : emails to/from D counsel re Stipulation for extension | Adriana Sandoval 0.08 | $125.00 | $10.42 |
| 01/07/2016 | 00192-Braxton | Call with N.Tripp regarding his representation of the defendants. | Brent Pelton 0.30 | $450.00 | $135.00 |
| 01/07/2016 | 00192-Braxton | Telephone call with : call with defense counsel re claims, etc | Taylor Graham 0.30 | $300.00 | $90.00 |
| 01/04/2016 | 00192-Braxton | Discussion with : discussion with KBraxton re service of complaint, defense counsel, next steps, etc | Taylor Graham 0.70 | $300.00 | $210.00 |
| 12/30/2015 | 00192-Braxton | File: Scan/File AOS with the Court for all D's Update calendar with Dates Ans Due | Adriana Sandoval 0.50 | $125.00 | $62.50 |
| 12/23/2015 | 00192-Braxton | Telephone call with : phone call from plaintiff - provide info re another location owned/operated by Ds email to TG w/info etc. | Adriana Sandoval 0.13 | $125.00 | $16.67 |
| 12/17/2015 | 00192-Braxton | Draft: draft enclosure letter for Process Service, email to DLS re service, discuss same w/TG | Adriana Sandoval 0.42 | $125.00 | $52.08 |
| 12/17/2015 | 00192-Braxton | Print and prepare : print/prep all docs for Process Service - DLS | Adriana Sandoval 0.33 | $125.00 | $41.67 |
| 12/15/2015 | 00192-Braxton | Review complaint prior to filing. | Brent Pelton 0.40 | $450.00 | $180.00 |

| Date | Matter | Description | User | Rate | Total |
|------|--------|-------------|------|------|-------|
| 12/15/2015 | 00192-Braxton | File: e-file complaint and supporting docs via ECF | Taylor Graham<br>0.30 | $300.00 | $90.00 |
| 12/15/2015 | 00192-Braxton | Draft: draft civil cover sheet and summons for filing via ecf | Taylor Graham<br>0.50 | $300.00 | $150.00 |
| 12/15/2015 | 00192-Braxton | Discussion with : discussion with plaintiffs re filing complaint, etc | Taylor Graham<br>0.50 | $300.00 | $150.00 |
| 12/15/2015 | 00192-Braxton | Draft Complaint: continue drafting complaint with info for YL etc | Taylor Graham<br>2.10 | $300.00 | $630.00 |
| 12/14/2015 | 00192-Braxton | Draft: draft complaint | Taylor Graham<br>2.80 | $300.00 | $840.00 |
| 12/10/2015 | 00192-Braxton | Telephone call with : follow up call with KBraxton re allegations for complaint etc | Taylor Graham<br>0.30 | $300.00 | $90.00 |
| 12/02/2015 | 00192-Braxton | Research Met Food as a defendant and discuss same with TBG. | Brent Pelton<br>0.50 | $450.00 | $225.00 |
| 12/02/2015 | 00192-Braxton | Discussion with : discussion with YLynch re work for Met Food, complaint claims, etc | Taylor Graham<br>0.70 | $300.00 | $210.00 |
| 12/01/2015 | 00192-Braxton | Meet K.Braxton and discuss claims against Met Food. | Brent Pelton<br>0.70 | $450.00 | $315.00 |
| 12/01/2015 | 00192-Braxton | Research: research re corporate entity and individual defendants for complaint | Taylor Graham<br>1.80 | $300.00 | $540.00 |
| 12/01/2015 | 00192-Braxton | Meet with: meet with KBraxton re work for Met Food, pay, possible claims, retainer agreement, etc | Taylor Graham<br>2.10 | $300.00 | $630.00 |
| | | | 45.77 | | $14,560.83 |

# EXHIBIT 2

| Date | Description | User | Amount | Invoice |
|------|-------------|------|--------|---------|
| 12/31/2015 | Process Service - DLS - Invoice# 349285 | Adriana Sandoval 00192-Braxton | $263.08 | Pending Billing |
| 12/17/2015 | Priority Mail Postage - Process Service DLS | Adriana Sandoval 00192-Braxton | $5.90 | Pending Billing |
| 12/15/2015 | Filed Complaint - filing fee $ 400, receipt number 0207-8242059 | Adriana Sandoval 00192-Braxton | $400.00 | Pending Billing |
| | | | $668.98 | |

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

KAREEM BRAXTON and YAHKEEL
LYNCH, Individually and on Behalf of All
Others Similarly Situated,

                   Plaintiffs,

      v.

K.A.M. FOOD STORE, INC., KHALID
DOLAH, AMIN DOLAH, and MAHMOUD
HASSAN DOLAH, Jointly and Severally,

                 Defendants.

----------------------------------------------------------------x

Civ. No.: 15-cv-07145

Irizarry, J
Scanlon, MJ

## STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY ORDERED that: that the Settlement Agreement and General Release in this matter having been reviewed by the Court and found to be fair and reasonable that (1) the Settlement Agreement and General Release, including the release of all claims, should be and is approved; and (2) Plaintiffs' claims, which were the subject of a *bona fide* dispute, are hereby dismissed with prejudice.

PELTON & ASSOCIATES PC
*ATTORNEYS FOR PLAINTIFFS*
111 Broadway, Ste. 1503
New York, New York 10006
(212) 385-9700

By: _____
     TAYLOR GRAHAM, ESQ.

Dated: _____9/23/16_____

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Rd., Ste. 250
Melville, New York 11747
(631) 247-0404

By: _____
     NOEL P. TRIPP, ESQ.

Dated: _____9/23/16_____

SO ORDERED on this __ day of _____, 2016

_____
United States Magistrate Judge